

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RODOLFO A. SALINAS, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:07-4149-HFF-TER |
| § | |
| LEROY CARTLIDGE, § | |
| Warden McCormick Correctional Institution, § | |
| Respondent. § | |

ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition dismissed. Further, the Magistrate Judge recommended that Petitioner's motion to hold his petition in abeyance be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 30, 2009, and the Clerk of Court entered Petitioner's objections to the Report on February 12, 2009. On the same day he filed his objections, Petitioner also filed a "Motion to Excuse Exhaustion Requirements Under Futility Doctrine and Collaterally Under the Vienna Convention." Because this "motion" functions as objections to the Magistrate Judge's conclusion that the first four grounds of Petitioner's petition are procedurally barred, the Court will consider the arguments raised in that motion below.

*A.     Arguments Raised in Petitioner's "Objections"*

Petitioner's objections focus on his fifth ground for relief: ineffective assistance of counsel due to a conflict of interest. Specifically, Petitioner contends that his trial counsel was conflicted because he represented one of Petitioner's co-Defendants at an earlier trial. According to the Report, this was the only ground in the petition that was not procedurally barred. Petitioner first contends that he did not waive any potential conflict issue. However, in the Report, the Magistrate Judge assumed that Petitioner did not waive any conflict, but he still concluded that Petitioner failed to establish an actual conflict of interest that adversely affected his attorney's performance. (Report 21.) Because the Court agrees with the Magistrate Judge on this issue, this argument is without merit.

Petitioner next argues that the trial court should have inquired as to whether a conflict of interest was present because the trial court knew that Petitioner's counsel had represented a co-defendant at an earlier trial. This argument differs from the argument presented to the Magistrate Judge and the argument raised in the petition because it focuses not on the ineffectiveness of Petitioner's counsel, but on an alleged error of the trial court. It is well established that issues raised for the first time in objections to the Magistrate Judge's recommendation are deemed waived.

*Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review . . . of an argument never seasonably raised before the [M]agistrate [Judge]"); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that issues raised for the first time in objections to Magistrate Judge's recommendation were waived); *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988). ("[A]llowing parties to litigate fully their case before the [M]agistrate [Judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *but see United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (noting that judge may receive further evidence as part of de novo review).

However, even if the Court considers Petitioner's argument that the trial court should have inquired into the nature of any potential conflict of interest, this argument would be procedurally barred because Petitioner has failed to present this claim to the highest state court with the authority to decide the issue. *See* Report 7-11 (discussing rules regarding procedural default).

Furthermore, as noted above, the Court agrees with the Magistrate Judge that Petitioner has failed to establish an actual conflict of interest that adversely affected his attorney's performance. Significantly, Petitioner's counsel was no longer representing one of Petitioner's co-Defendants at the time of Petitioner's trial, and, more importantly, Petitioner's defense at trial was based on the theory that the drugs *actually belonged to the co-defendant* formerly represented by Petitioner's counsel. (Report 21.) In other words, Petitioner's defense was based largely on pointing the finger

3

at that co-defendant. In short, the Court finds that Petitioner's counsel was not laboring under a conflict of interest.

*B.     Arguments Raised in Petitioner's "Motion to Excuse Exhaustion Requirements"*

In his motion, Petitioner argues that the exhaustion requirement should be excused because he can demonstrate cause and actual prejudice for failing to properly exhaust his state remedies. First, Petitioner contends that neither his appellate counsel nor the South Carolina Court of Appeals informed him that by failing to petition the South Carolina Supreme Court for certiorari that he might later face a procedural bar in federal court. This argument is without merit. *See Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997) (holding that ineffectiveness of post-conviction counsel cannot constitute cause to excuse procedural default).

Second, Petitioner argues that the Court should dispense with the exhaustion requirement because further state litigation would be futile. However, aside from his conclusory statement of the rule regarding futility, Petitioner fails to explain why state litigation would be futile in this case. Furthermore, even assuming that state litigation would be futile and Petitioner's claims were treated as technically exhausted, Petitioner must still show cause and prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 91 (1977). This he has failed to do. Thus, this argument lacks merit.

Next, he argues that his rights under the Vienna Convention were violated because the government failed to notify him of his right to contact the Mexican consul upon his arrest. Petitioner's argument likely arises out of the *Avena* decision, in which the International Court of Justice (ICJ) determined that the Vienna Convention guaranteed individually enforceable rights. *See Medellin v. Dretke*, 544 U.S. 660, 662-63 (2005) (explaining *Avena*). However, the violation of these rights is "not cognizable in a postconviction proceeding unless they meet the 'fundamental

defect' test announced in *Hill v. United States*, 368 U.S. 424, 428 (1962)." *Medellin*, 544 U.S. at 664. A "fundamental defect" is one "which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. Petitioner fails to demonstrate how the failure of the arresting authorities to notify him of his right to contact the Mexican counsel constitutes a complete miscarriage of justice. Thus, his argument that his rights under the Vienna Convention were violated is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and the petition **DISMISSED**. Further, pursuant to the Magistrate Judge's recommendation, Petitioner's motion to hold his petition in abeyance is **DENIED**. Further still, for the reasons set forth above, Petitioner's pending motion to excuse the exhaustion requirement is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.